**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**ASHANTI and BREANNA SIGGERS,**
**individually and as parents and guardians**
**of AIYAH SIGGERS, a minor person,**

                **Plaintiffs,**

v.                                                      No. 2:10-cv-02360-cgc

**DIXIE FIREWORKS; SHORT INVESTMENTS,**
**LLC; SHORT ENTERPRISES, INC.; ROBERT**
**SHORT; CAROL SHORT; MICHELLE SHORT;**
**MONROE R. SHORT; NR 199 KEATING RD.,**
**LLC, a/k/a NO. 199 KEATING RD., LLC; and**
**NIGHTINGALE PROPERTIES, LLC,**

                **Defendants.**

---

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

---

Before the Court is Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 1391(a), 28 U.S.C. § 1406(a) and, in the alternative, 28 U.S.C. § 1404(a). (Docket Entry "D.E." #27). Plaintiffs respond that venue is proper in this Court pursuant to Section 1391 and that the action should not be transferred pursuant to Sections 1406(a) or 1404(a). For the reasons set forth herein, Defendants' Motion to Transfer Venue is GRANTED pursuant to Section 1391(a) and Section 1406(a).

**I. Introduction**

Plaintiffs filed the instant action in this Court on May 12, 2010 alleging claims of negligence, premises liability, and negligent failure to warn against Defendants. Pl.s' Compl. ¶¶ 20-38. The

1

claims arose from injuries sustained by Aiyah Siggers from an industrial fan that Plaintiffs assert was in use at Dixie Fireworks retail store and "was not designed to ventilate a public space and was not equipped with adequate safety [devices] to prevent contact between persons and the steel fan blades." Pl.s' Compl. ¶¶ 15-17. Plaintiffs assert that Aiyah Siggers, who was two years old at the time of the incident, tripped and "fell into the blades causing catastrophic injuries to her hand," resulting in multiple compound fractures in the first two fingers of her right hand and amputation of her right index finger. Pl.s' Compl. ¶¶ 18-19.

Plaintiffs allege that they are adult residents of Shelby County, Tennessee and that Aiyah Siggers is their natural-born child and resides with them. Pl.s' Compl. ¶ 2. Plaintiffs allege that Dixie Fireworks was owned and operated by the following: Short Investments, LLC ("Short Investments"); Short Enterprises, Inc. ("Short Enterprises"); Robert Short; Carol Short; Michelle Short; or, Monroe Short. Pl.s' Compl. ¶ 3. Plaintiffs allege that Defendants Nr. 199 Keating Rd. LLC, a/k/a No. 199 Keating Rd., LLC ("199 Keating Road"), and Nightingale Properties, LLC ("Nightingale") were the "owners, occupiers or managers of the property upon which Dixie Fireworks was located and leased the premises to one or more of the aforementioned defendants for the purposes of running the fireworks stand." Pl.s' Compl. ¶ 14.

Further, Plaintiffs aver that Short Investments is a Mississippi LLC that can be served through its registered agent for service of process in Batesville, Mississippi. Pl.s' Compl. ¶ 4. Plaintiffs aver that Short Enterprises is a Mississippi corporation that can be served through its registered agent for service of process in Como, Mississippi. Pl.s' Compl. ¶ 5. Plaintiffs aver that Robert Short, Carol Short, Michelle Short, and Monroe Short are all Mississippi residents. Pl.s' Compl. ¶¶ 6-8. Finally, Plaintiffs aver that 199 Keating Road and Nightingale are New York

2

corporations doing business in Shelby County, Tennessee and can be served through their registered agents for service of process in Memphis, Tennessee. Pl.s' Compl. ¶¶ 9-10.

**II. Analysis**

*A. Section 1391 and Section 1406*

Under 28 U.S.C. § 1391(a), a civil action founded on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Pursuant to 28 U.S.C. § 1406, the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Personal jurisdiction requires that a defendant have certain "minimum contacts" with the venue such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 325 U.S. 310, 316 (1945). "In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the

3

corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(c).

Under Section 1391(a)(1), Plaintiffs' Complaint alleges that Short Investments, Short Enterprises, Robert Short, Carol Short, Michelle Short, and Monroe Short reside in Mississippi. Further, Plaintiffs aver that 199 Keating Road and Nightingale are New York Corporations doing business in both the Western District of Tennessee and the Northern District of Mississippi. Pl.s' Compl. ¶¶ 9-10, 14. Upon review, the Court finds that all of the Defendants do not "reside" in the Western District of Tennessee, as there is no allegation that Short Investments, Short Enterprises, Robert Short, Carol Short, Michelle Short, or Monroe Short "reside" in this district. Accordingly, venue is improper in this Court under Section 1391(a)(1).

Additionally, under Section 1391(a)(2), Plaintiffs' Complaint sets forth that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Mississippi. Specifically, Plaintiffs allege that, on or about July 4, 2009, Dixie Fireworks retail store was open for business in Batesville, Mississippi. Pl.s' Compl. ¶ 12. On that date, Aiyah Siggers was injured by the industrial fan on the premises. Pl.s' Compl. ¶¶ 15-19. Plaintiffs do not allege that any acts giving rise to the claims of negligence, premises liability, or negligent failure to warn occurred in the Western District of Tennessee. Accordingly, venue is improper in this Court under Section 1391(a)(2).

Finally, under Section 1391(a)(3), this Court may find that venue is proper if there is no district in which the action may otherwise be brought. However, based upon the allegations in Plaintiffs' Complaint, the Court finds that the action may have otherwise been brought in the Northern District of Mississippi. Specifically, Plaintiffs aver that Short Investments, Short

4

Enterprises, Robert Short, Carol Short, Michelle Short, and Monroe Short reside in Mississippi and can be served with process in the Northern District of Mississippi. As to 199 Keating Road and Nightingale, although Plaintiffs note that they are New York corporations doing business in the Western District of Tennessee, Plaintiffs' Complaint further asserts with regard to the instant case that these defendants were the "owners, occupiers or managers of the property upon which Dixie Fireworks was located and leased the premises to one or more of the aforementioned defendants for the purposes of running the fireworks stand." Pl.s' Compl. ¶ 14. Based upon these allegations, the Court finds under Section 1391(c) that 199 Keating Road and Nightingale have sufficient minimum contacts to the Northern District of Mississippi to be deemed to "reside" there for purposes of determining proper venue. Therefore, as all Defendants in the instant action reside in the Northern District of Mississippi, this action may have otherwise be brought in at least one other district. Accordingly, venue is improper in this Court under Section 1391(a)(3).

Once the Court has determined under Section 1391 that it is not a proper venue, the Court must consider under Section 1406(a) whether it is in the interest of justice to transfer to another district where the action may have been brought. Upon review of the record, the Court finds that it is in the interest of justice to transfer the instant action to the United States District Court for the Northern District of Mississippi. Specifically, the acts giving rise to Plaintiffs' cause of action occurred in Mississippi. All Defendants alleged to be liable in the instant action do business in the Northern District of Mississippi. Finally, although Plaintiffs and the injured child reside in the Western District of Tennessee and the medical treatment occurred in this District, the Court does not find that transfer to the Northern District of Mississippi—a contiguous district—would be particularly onerous or burdensome. This is especially true given that venue is not proper in

Plaintiffs' preferred district where they and the minor child reside. Accordingly, the Court finds that transfer to the Northern District of Mississippi is in the interest of justice under Section 1406(a).

### B. *Section 1404(a)*

Although the Court has determined that venue is improper in the Western District of Tennessee pursuant to Section 1391(a) and that a transfer to the Northern District of Mississippi is in the interest of justice under Section 1406(a), the Court elects to briefly address the parties' arguments regarding transfer under Section § 1404(a). Section 1404(a) states as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Defendants' Motion argues that Section 1404(a) provides grounds to transfer venue only as an alternative argument if this Court were to find that venue is appropriate in the Western District of Tennessee under Section 1391 and Section 1406. However, as Plaintiffs asserts that venue is appropriate in this Court, the essence of their argument is that Section 1404(a) factors provide grounds for this Court to deny a transfer and maintain the action in this venue. Specifically, Plaintiffs' Response argues that Plaintiffs and the minor child are more convenient to the Western District of Tennessee, that Defendants are equally convenient to the Northern District of Mississippi or the Western District of Tennessee, and that there is inherent value in "holding trial in a community where the people affected live." (Pl.s' Resp. at 2-3).

Although the Court recognizes Plaintiffs' argument, the Court finds that it must fail because this Court is without the authority to consider whether a transfer is appropriate under Section 1404 unless this Court is a proper venue under Section 1391. See Lothschuetz v. Carpenter, 898 F.2d 1200, 1208 (6th Cir. 1990) (stating that the court must have proper venue under Section 1391 before

6

having authority to transfer under Section 1404(a)); Ariana M. Bunting ex rel. Cheryl Gray v. Edward Joseph Gray, 2 Fed. Appx. 443, 2001 WL 69347, at **4-5, (6th Cir. Jan. 17, 2001) ("If venue is nonproper, the district court may, in its discretion, either dismiss the case or transfer it to any other place the case might have been brought [pursuant to 28 U.S.C. § 1406(a)]. . . . [I]f venue is proper, the district court still may transfer the case to a more convenient forum pursuant to the provisions of 28 U.S.C. § 1404(a)"); Blue Ash Development, Inc. v. Susan E. Polan, 74 F.3d 1240, 1996 WL 1828, *2n.1 (6th Cir. Jan 2, 1996) (unpublished table decision) (stating that "28 U.S.C. § 1406(a) provides for transfer or dismissal when a case is brought where venue is initially 'wrong'" and "applies mainly to those situations when the action is initially brought in a division or district where the *statutory* requirements for venue (28 U.S.C. § 1391) have not been met."). In the instant case, the Court has already concluded that the Western District of Tennessee is not a proper venue under 28 U.S.C. § 1391. Accordingly, the Court determines that Plaintiffs' arguments for maintaining venue in this district pursuant to Section 1404(a) must be denied.

### III. Conclusion

For the reasons set forth herein, Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Mississippi is hereby GRANTED pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1406.

**IT IS SO ORDERED** this 18th day of November, 2010.

           s/ Charmiane G. Claxton
           CHARMIANE G. CLAXTON
           UNITED STATES MAGISTRATE JUDGE